UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRADLEY A. WERNER, JR.,

            Plaintiff,

-against-

THE CITY OF NEW YORK; DEPT. OF CORRECTION; MYLES ASHONG, ASSISTANT DISTRICT ATTORNEY, NEW YORK COUNTY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; MICHAEL WIGDOR, ASST. CHIEF INVESTIGATOR NEW YORK COUNTY DA'S OFFICE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CAPTAIN MURRAY #1483, D.O.C. N.Y.C. INDIVIDUALLY AND IN HER OFFICIAL CAPACITY,

            Defendants.

24 Civ. 4186

ORDER

---

PAUL A. ENGELMAYER, United States District Judge:

    Plaintiff Bradley A. Werner, Jr., a prisoner at Marcy Correctional Facility brings this *pro se* action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Werner alleges that he was exposed to unconstitutional conditions of confinement, challenges the legality of three state-court convictions, and seeks release from custody and money damages. He brings claims against (1) the City of New York; (2) the New York City Department of Correction ("DOC"); (3) Assistant District Attorney Myles Ashong of the New York County District Attorney's Office; (4) Assistant Chief Investigator Michael Wigdor of the New York County District Attorney's Office; and (5) Captain Murray of the DOC. *See* Dkt. 10 ("AC").

    By Order dated August 26, 2024, Chief Judge Swain directed Werner to amend his Complaint insofar as (1) Werner cannot challenge the constitutionality of his state-court convictions in a civil rights complaint, but may do so in a habeas corpus petition pursuant to

28 U.S.C. § 2254 after exhausting state-court remedies; (2) under the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), Werner cannot not seek damages for an allegedly wrongful conviction unless it has been vacated, overturned, or otherwise called into question; (3) the Complaint did not plead facts supporting a municipal liability claim against the City of New York; and (4) the Complaint did not plead facts supporting its conditions-of-confinement claims or name defendants personally involved in those events.

On October 7, 2024, Werner filed the AC. Dkt. 10. The matter was thereafter reassigned to this Court's docket.

### I. Order of Dismissal

For the reasons set forth in Chief Judge Swain's August 26, 2024 order to amend, and because it is clear that Werner has not exhausted his state court remedies, the Court declines to construe the AC as a petition under 28 U.S.C. § 2254. The Court dismisses the AC's claims challenging the constitutionality of Werner's convictions, without prejudice to his right to file a timely § 2254 petition after he has exhausted his state-court remedies.

The Court further dismisses the AC's claim for damages arising out of Werner's convictions without prejudice, based on the favorable termination rule set forth in *Heck*. *See* 512 U.S. at 486–87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

The Court also dismisses the claims against the New York City Department of Correction, because an agency of the City of New York is not a suable entity. *See* N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of N.Y.*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of N.Y.*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Subject to the conditions discussed *infra*, the Court permits Werner to file a second amended complaint that names the proper entity to be sued.

The Court also dismisses the claims against Assistant District Attorney Ashong. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (citations omitted)). Prosecutors are absolutely immune for administrative acts that are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). Here, Werner's claims against Ashong are based on actions within the scope of his official duties and associated with the conduct of a trial. Such claims for monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), are, consequently, frivolous, 28 U.S.C. § 1915(e)(2)(B)(i); *Collazo v. Pagano*, 656 F. 3d 131, 134 n.2 (2d Cir. 2011) (holding that claim against prosecutor is frivolous

if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

The Court also dismisses the claims against Wigdor. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional violation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (citation omitted)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). The AC here alleges that investigator Wigdor was aware of and failed to take action with respect to violations of Werner's rights. These allegations do not give rise to an inference that Wigdor was personally involved in the events underlying his claims. The Court therefore dismisses the claims against Wigdor for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Order of Service

### A. New York City and Correction Captain Murray, Badge No. 1483

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department, the attorney for and agent of the City of New York, of this order.

4

The Court requests that defendants City of New York and Correction Captain Murray, Badge No. 1483, waive service of summons. Werner must notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so.

### B. Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. *See* 121 F.3d 72, 76 (2d Cir. 1997). Werner's AC may supply sufficient information to permit the New York City Department of Correction to identify the Doe defendants Werner seeks to sue in connection with the assaults and the denial of medical care he alleges occurred while he was in DOC custody. *See* Dkt. 10 at 12–23. The Court therefore orders the New York City Law Department to ascertain the identity and badge number of each John or Jane Doe whom Werner seeks to sue here and the address where the defendant may be served.[1] The New York City Law Department is to furnish this information to Werner and, within 60 days of the date of this order, to file an affidavit on the docket of this case attesting that such information has been provided to Werner. Within 30 days of receipt, Werner is directed to file a second amended complaint naming the Doe defendants.

### III. Referral to City Bar Justice Center

Werner may seek legal advice and assistance from the City Bar Justice Center ("CBJC"), which operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Attached to this order is a document that details such

---

[1] If any Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

services and a retainer form for incarcerated individuals. Werner is advised that the CBJC is a private organization that is not part of the Court, and it cannot accept filings on behalf of the court.

## CONCLUSION

For the reasons set forth in this order and Chief Judge Swain's August 26, 2024 order, the Court dismisses without prejudice Werner's challenges in the AC to the legality of his state court convictions.

For the reasons set forth in this order, the Court also dismisses Werner's claims against the New York City Department of Correction; Myles Ashong, New York County Assistant District Attorney; and Michael Wigdor, Assistant Chief Investigator, New York County District Attorney's Office. *See* 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that defendants City of New York and Correction Captain Murray, Badge No. 1483, waive service of summons.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the New York City Law Department at 100 Church Street, New York, N.Y. 10007.

Finally, the Clerk of Court is directed to mail to Werner an information package and a Second Amended Civil Rights Complaint form.

Local Rule 33.2 applies to this case.

Because the petition does not make substantial showing of a denial of a constitutional right with respect to the claims dismissed herein, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                       *Paul A. Engelmayer*
                                                      PAUL A. ENGELMAYER
                                                      United States District Judge

Dated: January 10, 2025
       New York, New York

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.
- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794**, leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

## LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

This agreement explains the terms of the limited legal assistance that the City Bar Justice Center ("CBJC") has agreed to perform for you through its Federal Pro Se Legal Assistance Projects ("Projects"). Writing your name at the end demonstrates your agreement to the terms herein.

### I.   LIMITS OF ASSISTANCE

The Projects agree to provide only limited scope legal assistance in connection with your matter. This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. CBJC is not your attorney of record in this matter. In the event that you are or become a party to a case in the Eastern District of New York or the Southern District of New York or any other forum, CBJC will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. CBJC has no obligation to enter into any such agreement.

- CBJC has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers this consultation only. CBJC can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- CBJC has not agreed to represent or assist you on any other matter in the future. If CBJC does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. CBJC will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that CBJC has sole discretion to decide whether it will provide any additional future consultations.

- You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment at the Projects in the Eastern District or the Southern District.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

CBJC does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. CBJC's assistance does not guarantee success or any particular outcome but that CBJC will provide competent assistance.

## III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving CBJC's limited scope assistance at any time. CBJC may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If CBJC chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

## IV. COSTS OF LITIGATION

Filing a lawsuit or defending against a case when you are sued can involve costs. You are responsible for all costs, including filing fees. The CBJC will not pay for any costs associated with your case. The Court may allow you to proceed without paying filing fees (this is called "proceeding in *forma pauperis*"). Whether you are allowed to proceed in *forma pauperis* is entirely up to the Court.

## V. CONFIDENTIALITY

CBJC will take all reasonable steps to maintain any information you provide as confidential.

## VI. REVIEW AND CONSENT

If you have questions or concerns, please leave a voicemail for the Project at (212) 382-4794, and someone will call you back to discuss this agreement.

By signing and writing today's date below, you indicate that you: have had an opportunity to discuss this agreement with CBJC or another Attorney of your choice; have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

_____           _____
Signature                                 Date

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**
SDNY Federal Pro Se Legal Assistance Project

Name: _____  Date of Birth: _____

Facility: _____  Identification # _____

**How did you hear about our clinic? (circle one)**

| | | |
|---|---|---|
| Pro Se Intake Office | Website | Conference/Hearing with the Judge |
| Pro Se Information Package | Friend/Family | Order/Letter from the Judge |

Other: _____

**Do you already have an open case with the federal court? (circle one)**   Yes   No

**If yes, what is your case number?** _____

**If yes, which courthouse is it in? (circle one)**   Manhattan   White Plains

**Ethnicity? (circle one)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| Black | Middle Eastern | Decline to answer |
| African | Caribbean | Other: _____ |
| Native American | South Asian | |

**Gender?** _____

**Education level? (circle one)**

| | | |
|---|---|---|
| 8th grade or less | GED | 2-4 years of college/vocational school |
| Some high school | College graduate | Decline to answer |
| High school graduate | Graduate degree | |

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**

 **CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

**Immigration status? (circle one)**

U.S. citizen (born in U.S.)    Naturalized U.S. citizen    Legal Permanent Resident

(Born in:_____)

No lawful status    Decline to answer    Other:_____

**Marital status? (circle one)**

Single    Married

Divorced    Separated

Widowed    Decline to answer

**Do you have a disability? (circle all that apply)**

No    Mental health    Vision

Hearing    Mobility    Memory

Homebound    Decline to answer    Other:_____

**What is your primary language?** _____

**LGBTQ+? (circle one)**    Yes    No    Decline to answer

**Veteran?** _____

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**