**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

BRADLEY A. WERNER, JR.,                                      :
                                                            :
                    Plaintiff,           :            24-CV-4186 (PAE) (OTW)
                                                            :
                  -against-              :        **REPORT AND RECOMMENDATION**
                                                            :        **TO THE HONORABLE PAUL A.**
THE CITY OF NEW YORK, et al.                                 :        **ENGELMAYER**
                                                            :
                  Defendants.          :
                                                            :

------------------------------------------------------------------x

       **ONA T. WANG, United States Magistrate Judge**:

## I.      INTRODUCTION

*Pro se* Plaintiff Bradley A. Werner, Jr., incarcerated at Rikers Island, brought this action

under 42 U.S.C. § 1983: (1) alleging that he was exposed to the unconstitutional conditions of

confinement, (2) challenging the legality of three of his state court convictions, and (3) seeking

relief from custody. Presently before the court is Defendant City of New York and Defendant

Murray's motion for judgment on the pleadings. (ECF 25). For the reasons set forth below, I

respectfully recommend that the Defendants' motion to dismiss be **GRANTED,** and that the

complaint be dismissed with prejudice and without leave to amend.

## II.      BACKGROUND

### A.  Factual History

    On May 22, 2024, Werner commenced this action pursuant to 42 U.S.C. § 1983. (ECF 1). The

initial complaint alleges, among other things, that while Werner was in the custody of the New

York City Department of Correction ("DOC"), various DOC employees, including Defendant

Murray, failed to protect him from assaults by other inmates and denied him medical care. *Id.*

With respect to Defendant Murray, Werner alleges that on July 11, 2023, she failed to protect him from an inmate assault. *Id.* at 14. The First Amended Complaint ("FAC"), filed on October 7, 2024, also references additional incidents that do not involve Defendant Murray, which Werner alleges occurred pursuant to an unconstitutional custom, practice, or policy of the City of New York. Werner alleges that the events giving rise to his claims occurred "from April 2nd-3rd to around November 2023 with the supplemental state [claims] occurring on August 14, 2023 on the Bronx Barge." (ECF 10 at 3). Although several of the alleged incidents are not dated, Werner indicates in the Amended Complaint that he was released from DOC custody on January 29, 2024. *Id.* at 18. The filing of a letter of change of address on the docket, however, indicates that the Werner is incarcerated again as of August 4, 2025. (ECF 54).

i.   General Releases

While represented by counsel, Werner submitted two 'Personal Injury Claim Forms' with the Office of the New York City Comptroller for claims identical to the ones in this case. (ECF 26, Exs. A, B). In his first personal injury claim form, Werner sought one million dollars, claiming that on April 3, 2023, he was assaulted and battered by another inmate while in the care, custody and control of the DOC. (ECF 26, Ex. A at 3). In his second claim form, Werner sought one million dollars, claiming that on July 11, 2023, he was assaulted and battered by another inmate and sustained serious injuries while in the care, custody, and control of the DOC. (ECF 26, Ex. B at 3). On the face of the pleadings, this appears to be the same July 11, 2023 incident referenced in the intial complaint.

On May 14, 2024, Werner signed two general releases for consideration, releasing claims "against the City of New York, and all past and present officials, directors, managers,

2

administrators, employees, agents, assignees, lessees, and representatives, from any and all state and federal tort claims, causes of actions, suits, occurrences, and damages, whatsoever"… "including but not limited to state and federal civil rights claims…"(ECF 26, Exs. C, D). These releases discharge the City of New York and its employees from liability for any and all causes of action arising before the date he signed the general releases. Werner's initial complaint was filed eight days after the signing of these releases, alleging violations that took place from March of 2023 to January 29, 2024. (ECF 1).

**B. Relevant Procedural History**

Werner's initial complaint was filed on May 22, 2024, naming as defendants New York City Mayor Eric Adams; New York County; the New York County District Attorney's Office; New York County District Attorney Alvin Bragg; New York County Assistant District Attorney Myles Ashong; and New York County District Attorney Office Chief Investigator Michael Wigdor (the "DA Defendants"). (ECF 1 at IV). In his initial complaint, Werner alleges that he was falsely arrested on March 27, 2023, and as a result suffered for "308 days of illegal remanded incarceration," where he "was assaulted nine times in the care, custody, and control of the [Department of Corrections]." *Id.* at V.

In an order dated August 26, 2024, Chief Judge Swain granted Werner's request to proceed *in forma pauperis* and granted Werner leave to file an amended complaint within 60 days to "detail his claims arising from the assaults that allegedly occurred on Rikers Island."[1] (ECF 8 at 1). The case was subsequently reassigned to Judge Paul A. Engelmayer.

---

[1] Chief Judge Swain further ordered (1) Werner cannot challenge the constitutionality of his state convictions in a civil rights complaint; (2) under the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), Werner cannot not seek damages for an allegedly wrongful conviction unless it has been vacated, overturned, or

The FAC, filed on October 7, 2024, includes further details of his claims. (ECF 10). On January 10, 2025, Judge Engelmayer dismissed: (1) the claim challenging the constitutionality of Werner's state court convictions, without prejudice to file a timely petition under 28 U.S.C. § 2254; (2) the claim for damages arising out of Werner's convictions (without prejudice); (3) the claims against the New York City Department of Correction because the agency is not a suable entity; (4) the claims against Assistant District Attorney Myles Ashong; and (5) the claims against Assistant Chief Investigator, New York County District Attorney's Office, Michael Wigdor for failure to state a claim (ECF 16 at 2-4). Additionally, Judge Engelmayer permitted Werner to file a second amended complaint that "names the proper entity to be sued." *Id.* at 3. Judge Engelmayer further directed that, "within 30 days of receipt, Werner is directed to file a second amended complaint naming the Doe defendants." *Id.* at 5.

i.   Werner's Second Amended Complaint ("SAC")

Werner filed a SAC on June 25, 2025, five months after Judge Engelmayer granted leave to amend, and two months after the instant motion for judgment on the pleadings was filed. (ECF 50). In the SAC, Werner raised a new, unrelated clam against unidentified Department of Corrections defendants and reasserted his claims against the City Defendant and Defendant Murray. (SAC at 3-6). This alleged incident occurred on May 30, 2025, three months after the allotted 30 days for amendment by Judge Engelmayer. *Id.*

---

otherwise called into question; (3) the Complaint did not plead facts supporting a municipal liability claim against the City of New York; and (4) the Complaint did not plead facts supporting its conditions of confinement claims or name defendants personally involved in those events.

**III.    ANALYSIS**

A.  Applicable Legal Standard

A Rule 12(c) motion for judgment on the pleadings is subject to the same standard applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). When presented with such a motion, a court must accept as true all non-conclusory factual allegations in the complaint, together with the contents of documents attached to or incorporated by reference in the complaint and any matters of which courts may take judicial notice and draw all reasonable inferences in favor of the Plaintiff. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *Brody v. Vill. of Port Chester*, No. 00-CV-7481 (HB), 2007 WL 704002, at *4 (S.D.N.Y. Mar. 7, 2007). However, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

To survive a Rule 12(c) motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Thus, the non-conclusory factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. More specifically, Plaintiff must show "more than a sheer possibility that a defendant has

acted unlawfully." *Iqbal*, 556 U.S. at 678. If the Plaintiff has not "nudged [the] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

As relevant here, a court is "obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010); *accord Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, when considering Werner's submissions, the Court must interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal citations omitted). Nevertheless, "to survive a motion [for judgment on the pleadings], a *pro se* Plaintiff must still plead sufficient facts to state a claim that is plausible on its face." *Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 450 (S.D.N.Y. 2012) (internal citations omitted); *see, e.g., Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) (summary order) ("[P]*ro se* complaints must contain sufficient factual allegations to meet the plausibility standard."); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (emphasizing that, even in *pro se* cases, courts "cannot invent factual allegations that [the Plaintiff] has not pled"). Thus, to defeat a defendant's motion under Rule 12(c), "a *pro se* Plaintiff's pleadings must go beyond mere conclusory allegations or legal conclusions masquerading as factual conclusions." *Galtieri v. New York City Police Pension Fund*, No. 12-CV-1159 (PGG), 2014 WL 4593927, at *8 (S.D.N.Y. Sept. 15, 2014) (internal citations omitted).

Leave to amend may be denied where amendment would be futile, including where claims are foreclosed as a matter of law. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014); *Genao v. Ruiz, No. 24-CV-2077 (LJL),* 2025 WL 219160, at *7 (S.D.N.Y. Jan. 16, 2025).

In granting the *pro se* Plaintiff special solicitude, I am obliged to construe Werner's filing of a SAC liberally and will consider its pleadings in response to the present motion for judgment on the pleadings.

      B.  Plaintiff's claims that pre-date May 14, 2024 are barred by the general releases

Werner's claims are barred by the unambiguous general releases he executed on May 14, 2024. In those releases, Werner discharged the City of New York and all of its officers and employees from "any and all state and federal tort claims . . . known or unknown, including but not limited to state and federal civil rights claims . . . whatsoever occurred through the date of this release." (ECF 26-3 at 2). Werner does not dispute that he signed the releases while represented by counsel, nor that the releases state directly above his signature that he read and fully understood their terms. All claims asserted in the FAC arise from events predating May 14, 2024—before Werner's release from DOC custody on January 29, 2024—and fall squarely within the scope of the releases, which cover Defendant Murray as a City employee and expressly encompass federal and state civil rights claims. (ECF 26, Exs. C, D).

      C.  The Claim arising from May 50, 2025 should be dismissed

          a.  Amendment was untimely and beyond the scope of Judge Engelmayer's Order

In granting the Plaintiff special solicitude, I must interpret his filings to raise the strongest arguments that they suggest. Plaintiff's SAC alleges that on May 30, 2025, Werner was "assaulted after returning from court…and immediately alerted and informed the [correctional officer] of the assault but they ignored [him]." ECF 50 at 5. However, the SAC goes beyond the scope of amendment allowed by Judge Engelmayer in his January 10, 2025 Order. Werner filed a Second Amended Complaint on June 25, 2025, asserting new claims against new,

7

unnamed DOC defendants based on an incident that allegedly occurred on May 30, 2025. That filing exceeded the limited leave previously granted, which permitted amendment within 30 days, only to substitute the proper municipal defendant and to add Doe defendants tied to the existing claims. Additionally, the SAC suffers from the same pleading deficiencies for which Judge Engelmayer previously granted leave to amend, namely, the failure to name the proper entity to be sued.

### b.   The Claim from May 30, 2025 is barred

Nor may Werner expand this action to encompass alleged conduct occurring in May 2025. Even construing the filing as a motion for leave to amend or supplement, it must be denied. Although Rule 15(d) permits supplemental pleadings concerning post-pleading events, the proposed claims must be adequately related to the original allegations. *McLean v. Scully*, No. 90-CV-2590 (SWK), 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (denying motion to supplement complaint because newly asserted claims represented "an entirely separate incident"). Werner does not allege any meaningful relationship between the May 30, 2025 incident and the events underlying the FAC; the fact that both occurred at Rikers Island is insufficient. Because claims arising in May 2025 are outside the scope of this action and unrelated to the operative complaint, Werner may not pursue them here and leave to amend or supplement should be denied.

### D.   Leave to amend the FAC would be futile

Under Federal Rule of Civil Procedure 15(a)(2), "[l]eave to amend is to be freely given when justice requires." *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 140 (2d Cir. 2013). It is within the Court's discretion to grant or deny leave to amend. *McCarthy v. Dun & Bradstreet Corp.*, 482

F.3d 184, 200 (2d Cir. 2007). *Pro se* Plaintiffs are generally afforded leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Courts will deny leave to amend, even as to a *pro se* Plaintiff, in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal citations omitted). If the problems with a Plaintiff's claim are "substantive," rather than the result of an "inadequately or inartfully pleaded" complaint, an opportunity to replead would be "futile" and "should be denied." *Cuoco*, 222 F.3d at 112; *see Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.") (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)).

Any further amendment would be futile and should therefore be denied. To the extent Werner seeks to assert claims accruing before May 14, 2024 against the City of New York or its employees, those claims are barred by the General Releases and cannot be cured through repleading. *Magassouba v. Cascione, Purcigliotti & Galluzzi, P.C.,* No. 20 Civ. 10996 (PAE)(BCM), 2021 WL 4198219, at *10 (S.D.N.Y. Sept. 15, 2021), *aff'd*, No. 21-2584, 2022 WL 5056329 (2d Cir. Oct. 5, 2022)(holding that the defects in the Amended Complaint cannot be cured by re-pleading); *See Klein v. Zugabie*, No. 15-cv-9093 (NSR), 2017 WL 374733, at *10 (S.D.N.Y. Jan. 24, 2017) ("[A]s most of Plaintiff's claims are 'untimely as a matter of law, repleading [those claims] would be futile.' ") (quoting *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 452 (S.D.N.Y. 2014)).

9

Moreover, a liberal reading of the FAC and SAC and the additional factual allegations made in Werner's opposition to Defendants' motion and his numerous other filings do not indicate that Werner can remedy the numerous substantive deficiencies his claims. The SAC is not the appropriate avenue to assert new, unrelated claims that rest on different facts in a different time period. If Werner seeks to assert claims over the unrelated May 2025 incident, he may file a separate, new action against the appropriate parties. *See Ifill v. N.Y. State Court Officers Ass'n,* 655 F.Supp.2d 382, 393 (S.D.N.Y.2009) (explaining that a complaint may not be amended by making new claims in motion papers).

This remains true notwithstanding Werner's *pro se* status, as courts may deny leave to amend where repleading would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

IV.    **CONCLUSION**

The claims raised in Plaintiff's original complaint and FAC all predate May 14, 2024, the day he signed the general releases. The general releases bar all claims before that date, and so the FAC must be dismissed. The SAC – even if it were to be considered the operative complaint – suffers from several deficiencies that show that further amendment would be futile. First, it did not cure the deficiency identified by Judge Engelmayer (ECF 16 at 3) and was filed five months past the time allotted by Judge Engelmayer. Moreover, the single new claim, arising on May 30, 2025, is a post-pleading, "entirely separate" event that is not related to the original allegations. Accordingly, I respectfully recommend that motion for judgment on the pleadings be **GRANTED**, and that further leave to amend, or supplement be **DENIED**.

## V.    OBJECTIONS

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Objections, and any responses to objections, shall be addressed to the Honorable Paul A. Engelmayer. Any requests for an extension of time for filing objections must be directed to Judge Engelmayer. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983). If Plaintiff wishes to review, but does not have access to, cases cited herein that are reported on Westlaw, he should request copies from Defendants. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

Defendants are directed to serve a copy of this order on Plaintiff and file proof of service on the docket by **January 30, 2026.**

SO ORDERED.

_____/s/  Ona T. Wang_____

**Ona T. Wang**
United States Magistrate Judge

Dated: January 23, 2026
        New York, New York

11