UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRADLEY A. WERNER, JR.,

Plaintiff,

-v-

THE CITY OF NEW YORK *et al.*,

Defendants.

---

24 Civ. 4186 (PAE) (OTW)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On May 22, 2024, *pro se* plaintiff Bradley A. Werner, Jr. initiated this action against numerous city officials. Dkt. 1 ("Complaint"). He principally alleged that he was subjected to unconstitutional conditions of confinement while incarcerated at Rikers Island, in violation of 42 U.S.C. § 1983.

The relevant procedural history is as follows.

On August 26, 2024, Chief Judge Laura Taylor Swain directed Werner to amend his Complaint for several reasons, including that it did not plead facts supporting Werner's conditions-of-confinement claims or name defendants personally involved in the events that formed the basis of those claims. Dkt. 8 at 6–7. On October 7, 2024, Werner filed the First Amended Complaint, Dkt. 10 ("FAC"), which alleged that he experienced nine assaults on Rikers Island between April and September 2023, and that he had been released from custody on January 29, 2024. FAC at 18, 23. The FAC named additional defendants, including the City of New York (the "City") and "Captain Murray" of the Department of Corrections ("DOC").

On December 30, 2024, this case was reassigned to this Court. On January 10, 2025, the Court issued an Order that, *inter alia*, directed Werner to file a second amended complaint,

within 30 days of receipt of the Order, naming the Doe defendants involved in the alleged assaults and the proper entity to be sued instead of the DOC, which was not a suable entity. Dkt. 16 at 3, 5. The Court also dismissed the claims against all defendants except the City and Captain Murray (the "defendants"). *Id.* at 6. More than five months later, on June 25, 2025, Werner filed the Second Amended Complaint. Dkt. 50 ("SAC"). It brought a claim of assault arising from a different incident, in which Werner, on May 30, 2025, was allegedly assaulted in the intake corridor at Rikers Island by another detainee. SAC at 8–9.

Currently before the Court is a Report and Recommendation of the Honorable Ona T. Wang, United States Magistrate Judge. Dkt. 55 ("Report"). It resolves defendants' April 7, 2025 motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Dkt. 27 ("Mot."). It recommends dismissal of all claims with prejudice and without leave to amend.

The Report's dismissal recommendation covers both the FAC's claims and the SAC's claim. The FAC's claims are based on assaults alleged to have occurred before Werner's release from DOC custody in January 2024. The Report recommends dismissal of these claims on the ground that they are barred by general releases executed by Werner on May 14, 2024, in exchange for a payment from the City. Report at 7; *see* Dkts. 26-3 ("Ex. C."), 26-4 ("Ex. D"). The SAC's claim is based on the alleged assault in May 2025. The Report recommends dismissal of that claim—or, in the alternative, denial of leave to amend the FAC—because that assault is outside the scope of this action and unrelated to the allegations in the FAC.

Werner has not objected or otherwise responded to the Report. For the following reasons, the Court adopts the Report's recommendation, except insofar as it recommends that the dismissal of the SAC's claim be with prejudice.

## I.    Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because no party has submitted objections to the Report, review for clear error is appropriate.

As to the FAC's claims, which are based on events that Werner alleges occurred during his term of incarceration at Rikers Island that ended on January 24, 2024, the Report found such claims barred by general releases that Werner executed on May 14, 2024. Report at 7. Those general releases, which Werner signed while represented by an attorney, discharged the City and its employees from liability for all causes of action arising before the date of execution. Ex. C at 2; Ex. D at 2. In exchange, the City agreed to pay Werner sums of $5,000 and $17,500. *Id.* As the Report recognized, based on the "clear and unambiguous" terms of those releases, *Caraballo v. City of New York*, No. 24 Civ. 2051, 2025 WL 1430152, at *2 (2d Cir. May 19, 2025) (summary order) (citation omitted), the FAC's claims related to events before May 14, 2024 are clearly barred. *See, e.g., Roberts v. Doe 1*, No. 14 Civ. 9174, 2015 WL 670180, at *5 (S.D.N.Y. Feb. 17, 2015) ("Courts in this Circuit repeatedly hold that releases . . . bar suit against the City and its employees for conduct that pre-dates the release."); *Waters v. Douglas*, No. 12 Civ. 1910, 2012 WL 5834919, at *4 (S.D.N.Y. Nov. 14, 2012) (dismissing civil rights claims

3

based on general release, which "expressly release[d] all then-existing claims against the City of New York, its agents and employees"). The Court therefore adopts the Report's well-reasoned analysis in dismissing those claims with prejudice.

As to the SAC, which alleges an assault on May 30, 2025, the Report recommends dismissal with prejudice—or, in the alternative, denial of leave to amend—for three reasons. First, the Report notes, the SAC, which was filed five months after the Court's Order directing Werner to file a second amended complaint, "exceeded the limited leave previously granted, which permitted amendment within 30 days, only to substitute the proper municipal defendant and to add Doe defendants tied to the existing claims." Report at 8. Second, the Report finds, the SAC "suffers from the same pleading deficiencies" as the FAC—namely, the failure to name the proper entity to be sued. *Id.* Third, the Report finds that, even if the SAC were construed as a motion for leave to amend or supplement under Federal Rule of Civil Procedure 15(d), it should be denied because the May 2025 assault is "outside the scope of this action and unrelated to the operative complaint." *Id.*

For the sound reasons stated in the Report, the Court adopts the Report's analysis insofar as it recommends dismissal of the SAC, or in the alternative, denial of leave to amend the FAC to add the new assault claim. The Court does not, however, adopt the Report's recommendation that the SAC's claim be dismissed with prejudice. Dismissal without prejudice to Werner's ability to bring such claim in a separate lawsuit is appropriate for two reasons. First, Werner is a *pro se* litigant and thus entitled to "special solicitude." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010); *see also Campbell v. New York City*, No. 19 Civ. 5431, 2020 WL 469313, at *1 (S.D.N.Y. Jan. 29, 2020) ("[G]iven Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice."). Second, the SAC's

4

allegations related to the May 2025 assault, which were belatedly added and not the subject of the instant motion for judgment on the pleadings, have not been litigated in this action. Accordingly, the Court, although dismissing the SAC without leave to amend, does so without prejudice to Werner's right to bring that claim in a separate action.

Because the Report explicitly states that failure to object within 14 days "will result in a waiver of objections and will preclude appellate review," Report at 11, the parties' failure to object operates as a waiver of appellate review, *see Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Wang's Report, save as to one particular. The Court grants defendants' motion for judgment on the pleadings and dismisses the FAC's claims with prejudice. To the extent that the SAC is construed as an amended complaint, its claim is dismissed, but without prejudice to Werner's right to pursue such claim in a separate lawsuit. To the extent that the SAC is construed as a request for leave to amend the FAC, it is denied.

The Court respectfully directs the Clerk of Court to mail a copy of this decision to Werner at the address on file, terminate the motion pending at docket 25, and close this case.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: February 13, 2026
       New York, New York

5